# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONCERT WATER TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DWIGHT HUGHES, et al., ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br><br> No. 10-1398-MLB |

## MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss. (Doc. 11). The motion is fully briefed and ripe for decision. (Docs. 12, 15, 16). Defendants' motion is denied for the reasons set forth herein.

## I. Facts

Plaintiff Concert Water Technologies (Concert) is a Kansas Limited Liability Company with its principal place of business located in Lenexa, Kansas. Concert designs and installs water treatment and conservation systems for use on industrial and commercial cooling towers and chillers. Concert recently developed a new line of products called the "Guardian." Concert contracted with defendants Paul Domazet, Jason Domazet and Dwight Hughes in creating and marketing the new line. The parties entered into non-disclosure agreements concerning the confidential and proprietary information that they would share. Defendants are all residents of Indiana and performed their work from Indiana.

In 2008, Hughes contracted with Concert to sell Concert's products and provide technical and chemical support. Hughes also

agreed to develop a new system for Concert although there is a disagreement as to how that system was to be developed and who would be the owner of the intellectual property. Hughes was compensated for his work for Concert and also received property from Concert, including confidential and proprietary information, which was utilized by Hughes to create the new Guardian line. Hughes is the owner of Proscion Solutions, LLC. Paul Domazet contracted with Concert to prepare an Auto-CAD drawing of the Guardian equipment and was compensated for his work. Additionally, Concert provided Paul Domazet with equipment to perform his work. Paul Domazet contacted Concert by email and phone. Jason Domazet was hired by Concert to promote sales of the Guardian. Jason also signed a non-disclosure and confidentiality agreement. Jason formed defendant Green Tech Water Solutions, LLC.

In September 2010, Hughes was instructed by Concert to begin the patent process for the Guardian. On November 5, Randy Smith, Concert's president, Hughes and Paul Domazet participated in a conference call. Hughes informed Smith that he would not release the documents concerning the Guardian and the code for the patent application unless Hughes was given equal ownership in Concert. On November 7, Paul Domazet sent Hughes the design drawing. On November 9, Jason Domazet met with a patent attorney to discuss the patent application for the Guardian. The attorney was hired by defendants and not Concert.

On November 10, Hughes called Smith in Kansas for a conference call. Hughes informed Smith that he no longer wanted an ownership interest and now intended to compete with Concert. Hughes stated that

Paul Domazet and Jason Domazet were discussing how to proceed with the Guardian improvements on their own. Smith then made a written offer to Hughes of ownership and restriction options in Concert. Hughes did not accept the offer. Instead, Hughes accessed Concert's computer server and deleted Concert's files.

Concert filed this action against defendants alleging claims of replevin, conversion, conspiracy, tortious interference with business relationships and breach of contract. (Doc. 14). Defendants move to dismiss on the basis of improper venue. (Doc. 11).[1]

**II. Analysis**

    **A. Improper Venue**

Under 28 U.S.C. § 1391(a), venue is proper where (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Plaintiffs assert that venue is proper in this district because a substantial part of the events occurred in Kansas. The court must therefore determine "whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim." Andrean v. Sec'y of the United States Army, 840 F. Supp. 1414, 1422 (D. Kan. 1993). While the court must determine if substantial activities took place in Kansas, the court is not required to find that the activities in Kansas were the

---

[1] Defendants also moved to dismiss two counts of the original complaint. (Doc. 11). Concert, however, amended its complaint and, therefore, defendants' arguments contained in the motion are moot.

most substantial as compared to other districts.  Merchants Nat. Bank v. SafraBank, 776 F. Supp. 538, 541 (D. Kan. 1991).  Put another way, "[t]he statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there."  Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995)(citations omitted).

Defendants cite Fin. & Mktg. Ass'n Int'l, Inc. v. He-Ro Group, Inc., 975 F. Supp. 1429 (Doc. Kan. 1997), in support of their position that venue is improper.  In He-Ro Group, the court found that venue was improper after determining that the court did not have personal jurisdiction over the defendants.  In this case, defendants have not raised the defense of lack of personal jurisdiction in their motion for improper venue and therefore it is waived.  "If a party makes a motion under Rule 12 but omits therefrom any defense or objection then available which can be raised by motion, that party shall not thereafter make a motion based on the defense or objection so omitted. In addition, Rule 12(h)(1) specifically states that the defense of lack of personal jurisdiction is waived if omitted from a motion in the circumstances described in Rule 12(g)."  Travelers Cas. and Sur. Co. of Am. v. Unistar Fin. Serv. Corp., 2002 WL 1019050, *2 (10th Cir. May 21, 2002).

Here, defendants are subject to personal jurisdiction and a substantial part of the events giving rise to Concert's claims occurred in Kansas.  Defendants negotiated their separate contracts through phone calls and e-mails with Concert in Kansas. Concert authorized payments from Kansas.  Moreover, defendants allegedly are

-4-

in possession of Concert's intellectual property.  Concert's loss of its property and business accounts have allegedly damaged its business in Kansas.  The court concludes that these actions satisfy the requirements under Section 1391(a)(2) and therefore venue in Kansas is proper.  See Multi-Media Intern., LLC v. Promag Retail Servs., 343 F. Supp.2d 1024, 1033-1034 (D. Kan. 2004)("The contacts in this case consist entirely of oral, written, and electronic communications between both parties.  Even if it is true that a substantial part of the events giving rise to Plaintiff's claim occurred in California, it is equally true that a substantial part of the events surrounding Plaintiff's claim occurred in Kansas")(citing Etienne v. Wolverine Tube, Inc., 12 F. Supp.2d 1173, 1181 (D. Kan. 1998)(concluding that a substantial part of the relevant conduct took place in Kansas because "the primary events giving rise to this [breach of contract] action . . . occurred by means of communications between . . . two states," and "to the extent that [the] events occurred anywhere, they occurred almost as much in Kansas as in Alabama").

Accordingly, defendants' motion to dismiss for improper venue is denied.

**B. Transfer Venue**

Alternatively, defendants move to transfer venue to the Northern District of Indiana.  "The decision whether to grant a motion to transfer is within the sound discretion of the district court." Boilermaker-Blacksmith Nat'l Pension Fund v. Gendron, 67 F. Supp. 2d 1250, 1251 (D. Kan. 1999).  The court may, for the "convenience of parties and witnesses [and] in the interest of justice," transfer any civil action to another district where the suit "might have been

brought." See 28 U.S.C. § 1404(a).

Generally, "there is a strong presumption in favor of hearing the case in the plaintiff's chosen forum. That presumption is overcome 'only when the private and public interest factors clearly point towards trial in the alternative forum.'" Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 606 (10th Cir. 1998)(quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). Movant bears the burden in this matter. See Coleman Co., Inc. v. Dollar Tree Stores, Inc., No. 03-1202-WEB, 2003 WL 22158916, at *6 (D. Kan. Sept. 16, 2003). The general rule is that "[t]o prevail in a motion to transfer, the moving party must show the balance of factors weighs heavily in favor of transfer." Victor Co., L.L.C. v. Ortho Organizers, Inc., 932 F. Supp. 261, 263 (D. Kan. 1996).

Defendants assert that the Northern District of Indiana is the best choice for venue based on location of the witnesses and any physical evidence. Concert responds that all of its potential witnesses find Kansas a convenient forum. Defendants, however, failed to specifically identify any witnesses who would be inconvenienced by this forum. In order to persuade the court, defendants need to demonstrate the requisite inconvenience to its witnesses. See Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992). Moreover, the location of any physical evidence is not a compelling factor since defendants have failed to demonstrate how the parties would have difficulty producing the property in Kansas. Transferring this case to Indiana would merely shift the burden of trial to plaintiff. Shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. See Scheidt, 956 F.2d at 966.

**III. Conclusion**

Defendants' motion to dismiss for improper venue or, in the alternative, transfer venue is denied. (Doc. 11).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __24th__ day of February 2011, at Wichita, Kansas.

<u>s/ Monti Belot</u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE